United States District Court
Southern District of Texas
**ENTERED**
January 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW JAMES LEACHMAN, | § |
| Petitioner, | § |
| V. | § CIVIL ACTION NO. H-18-0544 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division. | § |
| Respondent. | § |

## MEMORANDUM AND RECOMMENDATION

Pending in this § 2254 proceeding is Respondent's Motion for Summary Judgment (Document No. 18), in which Respondent argues that Petitioner's claims are all time-barred, and that claims 2-4 are additionally unexhausted and procedurally barred. Having considered the motion, the response in opposition, the state court records, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be DENIED.

### I. Procedural History

Matthew James Leachman ("Leachman") is currently in the Harris County Jail, awaiting trial on a 1995 aggravated sexual assault of a child offense in Cause No. 786224 in the 248th District Court of Harris County, Texas, for which a new trial was ordered in November 2015. Leachman is not challenging that offense in this § 2254 proceeding. Instead, Leachman is challenging a 1999 indecency with a child conviction in Cause No. 786223, for which he was sentenced to twenty (20) years incarceration. Leachman did not appeal that conviction in Cause No. 786223, and first raised

any challenge related thereto in a state application for writ of habeas corpus he filed on May 11, 2016. That state application for writ of habeas corpus was denied without written order on the findings of the state trial court without a hearing on February 22, 2017. This § 2254 proceeding was thereafter filed on or about February 12, 2018.

While Leachman is not challenging the offense charged in Cause No. 786224 in this proceeding, nor could he given that he is waiting to be re-tried on that offense, the offense in Cause No. 786224 and the proceedings leading up to and surrounding the new trial that was granted in Cause No. 786224 are directly related to Leachman's claims in this case about his conviction in Cause No. 786223. That is because the claims Leachman raises herein are sentence calculation claims arising from the Judgment in Cause No. 786223, which ordered that the twenty year sentence on that offense was to run consecutive to the forty year sentence in Cause No. 786224. According to Leachman, because he has been granted a new trial in Cause No. 786224, there is no sentence upon which to "stack" or cumulate his twenty-year sentence in Cause No. 786223, and therefore that sentence in Cause No. 786223 should now be considered to have expired. TDCJ's current calculation of his sentence in Cause No. 786223 forms the basis of Leachman's claims that:

1. [his] conviction is based on a construction of cumulation order that violates due process;

2. [his] ongoing confinement violates the prohibition on ex post facto punishment;

3. [his] confinement is illegal because it results from the State's breach of our plea bargain; and

4. the conviction is invalid because it is based on an involuntary plea.

Each of those claims is predicated on the argument that in the absence of a conviction in Cause No.

786224 – for which a new trial was ordered in 2015 – his conviction for indecency with a child in Cause No. 786223, for which he was sentenced to twenty years imprisonment, has now expired.[1] That argument is in conflict with TDCJ's calculations, which reflect a pendency of the twenty year sentence in Cause No. 786223, with a current, calculated expiration date of April 25, 2032.

In the Motion for Summary Judgment, Respondent contends that Leachman's claims are all time-barred because he did not raise them in a § 2254 proceeding within one year of TDCJ determining, and his discovering, that the calculated expiration date on his conviction in Cause No. 786223 changed to April 25, 2032. According to Respondent, the calculated expiration date changed on November 19, 2015, and it is from that date § 2244(d)'s one year limitations period should run. Respondent also argues that there is insufficient statutory tolling of the limitations period under § 2244(d)(2) to render this proceeding timely, and no facts or circumstances that would warrant an application of equitable tolling. Leachman responds that the administrative time credit dispute he submitted should operate to statutorily toll the limitations period for such time as would make this § 2254 proceeding timely, or that there is, at the very least, a genuine issue of material fact on the timeliness issue.

---

[1] Leachman alternatively argues that the state trial court did not have jurisdiction to set aside his conviction in Cause No. 786224, and that that conviction in Cause No. 786224 did not cease to operate for purposes of "re-stacking" his sentence in Cause No. 786223.

### III. <u>Discussion</u>

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one year limitations period. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Leachman is challenging the November 19, 2015, re-calculation of his sentence in Cause No. 786223, and as such, the limitations period in § 2244(d) runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Leachman and Respondent dispute what the starting date should be, with Respondent arguing that it should be November 19, 2015, and Leachman arguing that the starting date should be later because he did not discover, until December 15, 2015, that TDCJ had

4

changed his commitment record relative to Cause No. 786223. Leachman's position on the commencement date, while not supported with any direct summary judgment evidence, does align with Respondent's summary judgment evidence that Leachman was, by that time, in the Harris County Jail, not in TDCJ (Document No. 28-1 at 23), as well as Leachman's insinuation that he could not have promptly discovered, from the Harris County Jail, the change in the discharge date in Cause No. 786223. But, whether the limitations period commenced under § 2244(d)(1)(D) on November 19, 2015, or December 15, 2015, is not particularly significant to the limitations issue. That is because the key issue on Respondent's limitations defense is whether there is sufficient tolling of the limitations period under § 2244(d)(2).

Respondent maintains that the only available statutory tolling of the limitations period under § 2244(d)(2) is connected to the pendency of the state application of habeas corpus Leachman filed on May 11, 2016, and which was denied on February 22, 2017, a period of 278 days, which is insufficient to render this § 2254 proceeding timely. Respondent additionally relies on the affidavit of Charley Valdez, that Leachman did not file an administrative time credit dispute "form" with TDCJ that could operate to further statutorily toll the limitations period. Against this position is that of Leachman, set forth in his Response under penalty of perjury, that he inquired, as early as November 10, 2015, about the calculation of his sentence. Although he did not make that inquiry on a time credit dispute "form," he pursued that inquiry with at least two follow-up letters (Document No. 31 at 33 & 35), to which he claims to have received no response. Taking this summary judgment evidence in a light most favorable to Leachman as the non-movant, *Goodwin v. Johnson*, 132 F.3d 162, 169 (5th Cir. 1997), there are genuine issues of material fact on Respondent's limitations defense.

5

A properly filed time credit dispute does constitute "other collateral review" within the meaning of § 2244(d)(2). *Stone v. Thaler*, 614 F.3d 136 (5th Cir. 2010). If, as Leachman argues and his summary judgment evidence suggests, he did file, and did file as properly as circumstances allowed for, a time credit dispute with TDCJ, which was not responded to, he would be entitled to statutory tolling under § 2444(d)(2) of 180 days. *Id.* at 138 (citing TEX. GOV'T CODE § 501.0081(b)(1)-(2)). That 180 days, coupled even with a limitations period that commenced on November 19, 2015, would, when the time Leachman's state applications for writ of habeas corpus were pending is not included, render Leachman's § 2254 application timely.[2]

As for Respondent's alternative argument on claims 2-4, that they are unexhausted and procedurally barred from review, Leachman admits that claims 2-4 are unexhausted. He also argues, however, that those claims are currently pending in a state application for writ of habeas corpus he filed on February 6, 2018, and that the claims are not, necessarily, procedurally barred. Finally, Leachman maintains that a stay of this § 2254 proceeding is warranted until such time as the Texas Court of Criminal Appeals rules on his pending state application for writ of habeas corpus.

Given that claim 1 is exhausted, but claims 2-4 are not, this is a "mixed" § 2254 proceeding. Such a mixed proceeding is generally dismissed without prejudice to allow the state prisoner to fully

---

[2] The time during which Leachman had a state application for writ of habeas corpus "pending" is not counted towards the one year limitations period under § 2244(d)(2). That means that the time from May 11, 2016, through February 22, 2017, when Leachman's first state application for writ of habeas corpus was pending is not included, and the time from February 6, 2018 to the date this § 2254 proceeding was filed, given the continued pendency of Leachman's second state application for writ of habeas corpus, is not included. In addition, 180 days during which Leachman arguably had a time credit dispute pending, from November 11, 2015, though May 11, 2016, are not included. That leaves only the time between the Texas Court of Criminal Appeals' rejection of Leachman's first state application for writ of habeas corpus on February 22, 2017, and the filing of his second state application for writ of habeas corpus on February 6, 2018 – a period of just less than one year – as having run on the limitations period.

exhaust his state law remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) ("The exhaustion doctrine, generally codified in section 2254(b) & (c) requires that normally a state prisoner's *entire* federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to *all* claims raised in the federal habeas petition.") (emphasis in original). But, where there is good cause for the petitioner's failure to exhaust his state law remedies, and his "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," a District Court may exercise its discretion and stay a "mixed" § 2254 proceeding. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Such a stay can bridge the sometimes competing requirements imposed by the one year limitations period and the exhaustion requirement. *Id.*

Here, given the long and complicated procedural history related to Cause No. 786224, as well as the effect Cause No. 786224 has on Leachman's claims related to Cause No. 786223, there is, as argued by Leachman, good cause for his failure to exhaust claims 2-4. In addition, claims 2-4, based on the argument and authority Leachman has cited, are not patently meritless. Finally, Leachman has been nothing but diligent in pursuing his claims. Under these circumstances, where Respondent has already sought dismissal on statute of limitations grounds, a stay of this § 2254 proceeding is appropriate.

### III. Conclusion and Recommendation

Based on the foregoing, and the conclusion that genuine issues of material fact preclude summary judgment on Respondent's limitation defense, and that a stay of this proceeding is warranted so that Leachman can exhaust, or attempt to exhaust, his state law remedies on claims 2-4,

the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 18) be DENIED, and that this case be STAYED until such time as the Texas Court of Criminal Appeals rules on Leachman's current, pending state application for writ of habeas corpus.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd day of January, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE