United States District Court
Southern District of Texas

**ENTERED**

February 12, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-18-0544 |
| | § | |
| LORIE DAVIS, Director, Texas Department | § | |
| of Criminal Justice, Correctional Institutions | § | |
| Division. | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this § 2254 proceeding is Respondent's Motion for Summary Judgment (Document No. 42), in which Respondent argues that Petitioner's claims are state law claims that are not cognizable in a § 2254 proceeding, are barred from consideration by *Teague v. Lane*, 489 U.S. 288 (1989), and are not supported by the record. Also pending is Petitioner's Cross Motion for Summary Judgment (Document No. 51). Having considered the cross motions for summary judgment, the responsive briefing, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, Petitioner's Cross Motion for Summary Judgment be DENIED, and Petitioner's Federal Application for Writ of Habeas Corpus be DENIED and DISMISSED on the merits.

## I.    Procedural History

Matthew James Leachman ("Leachman") is currently in the Harris County Jail, awaiting trial on a 1995 aggravated sexual assault of a child offense in Cause No. 786224 in the 248th District

Court of Harris County, Texas, which resulted in a forty year sentence following a jury trial, but for which a new trial was ordered in November 2015.[1] [2] Leachman is not challenging the offense in Cause No. 786224 in this § 2254 proceeding. Instead, Leachman is challenging a separate 1999 indecency with a child conviction in Cause No. 786223, for which he was sentenced to twenty (20) years incarceration. Leachman did not appeal his conviction in Cause No. 786223, and first raised any challenge related thereto in a state application for writ of habeas corpus he filed on May 11, 2016. That state application for writ of habeas corpus was denied without written order on the findings of the state trial court without a hearing on February 22, 2017. A second state application for writ of habeas corpus was filed on February 8, 2018, and was denied without written order on January 23, 2019.

While Leachman is not challenging the offense charged in Cause No. 786224 in this proceeding, nor could he given that he is waiting to be re-tried on that offense, the offense in Cause No. 786224 and the proceedings leading up to and surrounding the new trial that was granted in Cause No. 786224 are directly related to Leachman's claims in this case about his conviction in Cause No. 786223. That is because the claims Leachman raises herein are essentially sentence calculation claims arising from the Judgment in Cause No. 786223, which ordered that the twenty year sentence on that offense run consecutive to the forty year sentence in Cause No. 786224. According to Leachman, because he has been granted a new trial in Cause No. 786224, there is no

---

[1] Leachman's conviction in Cause No. 786224 was set aside due to a *Faretta* violation. *See Leachman v. Stephens*, Civil Action No. H-11-212 (Document Nos. 53 & 54); *Faretta v. California*, 422 U.S. 806 (1975) (right to self representation).

[2] It appears from the Harris County District Clerk's website that a comprehensive pretrial conference, in anticipation of trial, was scheduled for January 31, 2020, but it was continued by the agreement of the parties to May 2020.

sentence upon which to "stack" or cumulate his twenty-year sentence in Cause No. 786223, and therefore his sentence in Cause No. 786223 should now be considered to have expired – he having now been incarcerated for more than twenty years. TDCJ's current calculation of his sentence in Cause No. 786223, with a current expiration date of April 25, 2032, forms the basis of Leachman's claims that:

1. [his] conviction is based on a construction of cumulation order that violates due process;

2. [his] ongoing confinement violates the prohibition on ex post facto punishment;

3. [his] confinement is illegal because it results from the State's breach of our plea bargain; and

4. the conviction is invalid because it is based on an involuntary plea.

Each of those claims is predicated on the argument that in the absence of a conviction in Cause No. 786224 – for which a new trial was ordered in 2015 – his conviction for indecency with a child in Cause No. 786223, for which he was sentenced to twenty years imprisonment, has expired.[3]

In the Motion for Summary Judgment, Respondent argues that Leachman's due process and ex post facto claims (claims one and two) are based on the State's calculation of his sentence under state law, and that any challenge to the state court's or Respondent's application of state law is not cognizable or reviewable in this § 2254 proceeding. Respondent additionally and alternatively argues that no relief is available on the due process and ex post facto claims (claims one and two) because there is no controlling Supreme Court precedent that would apply to either claim, and any

---

[3] Leachman alternatively argues that the state trial court did not have jurisdiction to set aside his conviction in Cause No. 786224, and that that conviction in Cause No. 786224 did not cease to operate for purposes of "re-stacking" his sentence in Cause No. 786223.

relief would require fashioning a new rule of Constitutional law in violation of *Teague v. Lane*, 489 U.S. 288, 305-310 (1989). As for the guilty plea related claims Leachman raises (claims three and four), Respondent maintains that the record fully supports the state court's implicit conclusion that Leachman's plea in Cause No. 786223 was knowing and voluntary, and there is nothing in the record to support Leachman's claim that the state "breached" any aspect of the plea agreement relative to Cause No. 786223.

## II.    Standard of Review

Leachman's first claim was rejected by the Texas Court of Criminal Appeals on February 22, 2017, when it denied Leachman's first application for writ of habeas corpus without written order on the findings of the state trial court without a hearing. Leachman then filed a second state application for writ of habeas corpus, which contained essentially the same four claims asserted in this § 2254 proceeding. Each of Leachman's four claims were rejected by the Texas Court of Criminal Appeals when it denied Leachman's second state application for writ of habeas corpus without written order on January 23, 2019. Given the Texas Court of Criminal Appeals' rejection of each of Leachman's claims, those claims are subject to review herein under 28 U.S.C. § 2254(d).

28 U.S.C. § 2254(d) limits, as follows, federal habeas review of claims that have been adjudicated on the merits in state court:

(d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by the [Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "State-court decisions are measured against [the Supreme Court's] precedents as of 'the time the state court renders its decision.'" *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)). Similarly, state court decisions are reviewed under § 2254(d) by reference to the facts that were before the state court at the time. *Id.* ("It would be strange to ask federal courts to analyze whether a state court adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

For factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Instead, factual determinations made by state courts carry a presumption of correctness and federal courts on habeas review are bound by them unless there is clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd*, 541 U.S. 913 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). This is true regardless of whether the state court rejected the claims summarily, or with a reasoned analysis. *Cullen*, 563 U.S. at 187 ("Section 2254(d) applies even where there has been a summary denial."). Where a claim has been adjudicated on the merits by the state courts, relief is available under § 2254(d) *only* in those situations "where there is no possibility

6

fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Richter*, 562 U.S. at 102.

Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative under § 2254(d). *Id.* ("even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable."). In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted); *see also Price*, 538 U.S. at 641 ( "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'") (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)). Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004). A habeas petitioner can only overcome § 2254(d)'s bar "by showing that 'there was no reasonable basis'" for the state court's rejection of his claim(s). *Cullen*, 563 U.S. at 188 (quoting *Richter*, 562 U.S. at 98)).

III.   **Discussion – Due Process and Ex Post Facto Claims (claims one and two)**

In claim one, Leachman contends that his "confinement is based on a construction of a cumulation order that violates due process" and in claim two, Leachman contends that his "ongoing confinement violates the prohibition on ex post facto punishment." Without citing to or relying on any authority, the Texas Court of Criminal Appeals rejected these claims on the merits when it denied Leachman's second application for writ of habeas corpus without written order. That adjudication, despite the absence of any relied upon authority, is not contrary to, and did not involve, "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Leachman's arguments about the cumulation order and Respondent's calculation of his sentence in Cause No. 786223 are premised on his argument that the Texas courts are misconstruing and misapplying the Texas Court of Criminal Appeals' decision in *Ex parte Nickerson*, 893 S.W.2d 546 (Tex. Crim. App. 1995), and that the Texas court's reliance on *Nickerson* to extend his sentence expiration date on Cause No. 786223 violates his right to due process and constitutes an ex post facto violation. As argued by Respondent, however, whether the Texas courts have misconstrued and/or misapplied *Nickerson* is a matter of state law, and matters of state law cannot provide the basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983) (it is not for a federal court in a habeas proceeding to "review a state's interpretation of its own law"), *cert. denied*, 464 U.S. 975 (1984); *Tolbert v. Quarterman*, No. 3-07-CV-1285-M, 2008 WL 281534, at *3 (N.D. Tex. Feb. 1, 2008) ("the manner in which state conviction sentences are calculated and

8

discharged are matters of state law only"). Leachman does not genuinely argue against that proposition. What he does argue is that Respondent's reliance, and the Texas court's acquiescence to Respondent's reliance, on *Nickerson,* when it is clear that he has been incarcerated for more than twenty years now, should be considered a violation of his federal due process rights and an ex post facto violation.

Leachman's argument is relatively easy to follow, and is argumentatively rational insofar as his conviction in Cause No. 786224 was clearly set aside and a new trial was ordered after he had spent close to two decades in custody, with that period of time not "counting" towards his sentence in Cause No. 786223 – a conviction he did not challenge. But, where Leachman's argument fails under § 2254(d) is for want of *any* applicable Supreme Court precedent to establish a due process or ex post facto violation under these facts, or any facts even remotely similar.

The Texas Court of Criminal Appeals concluded, when it denied Leachman's first state application for writ of habeas corpus on the findings of the state trial court without a hearing, that Leachman was "not being illegally confined because TDCJ began to run his sentence in the primary case [Cause No. 786223] when his conviction in cause number 786224 ceased to operate." *Ex Parte Leachman*, WR-36,445-06 at 107-08 (Document No. 15-27 at 111). The conclusion was based on the Affidavit of Charley Valdez, program supervisor III for TDCJ-ID's classification and records department, in which he averred in August 2016 that:

> [Leachman] was received into TDCJ custody on 2-1-2000 from Harris County, and [Leachman] was convicted by the 248th Judicial District Court for the following:
>
>> Aggravated Sexual Assault, under cause number 786224, and received a 40-year sentence. [Leachman] was convicted for an offense occurring on 6-15-1995, with sentencing on 7-15-1998, and sentence to begin on 4-15-1996.

Indecency W/Child, under cause number 786223, and received a 20-year sentence. [Leachman] was convicted for an offense occurring on 1-13-1996, with sentencing on 11-1-1999 and sentence to run consecutive to cause number 786224, with 1295-days of pre-sentence jail credit.

Indecency W/Child, under cause number 786226, and received a 20-year sentence. [Leachman] was convicted for an offense occurring on 6-5-1995, with sentencing on 11-1-1999, and sentence to begin on 4-15-1996.

Indecency W/Child, under cause number 720366, and received a 20-year sentence. [Leachman] was convicted for an offense occurring on 1-26-1996, with sentencing on 11-1-1999, and sentence to begin on 4-15-1996.

On 9-30-2015, the U.S. District Court for the Southern District of Texas (Houston) issued a Memorandum and Order, under cause number 4:11-CV-212, granting relief for [Leachman's] Petition for Writ of Habeas Corpus by overturning his conviction, under cause number 786224, and ordering the State to grant [Leachman] a new trial.

On 11-19-2015, this office received a Motion for New Trial from Harris County for cause number 786224. The Motion for New Trial was granted on 11-11-2015, by the 248th Judicial District Court of Harris County for cause number 786224. Cause number 786224 was removed from the TDCJ record, per the 248th Judicial District Court's order, and [Leachman's] sentence in cause number 786223 (consecutive to 786224) began to operate as concurrent. Because cause number 786224 "ceased to operate" with the order granting a new trial, cause number 786223, the second in the series, began to operate with a sentence begin date of 5-3-2012. *Ex parte Nickerson*, 893 S.W.2d 546 (Tex. Crim. App. 1995). The sentence, in cause number 786223, began to run concurrent on 11-11-2015, with 1295-days of pre-sentence jail credit, making the sentence begin date on 4-25-2012.

*Id.* at 74 (Document No. 15-27 at 78).

Whether Respondent correctly calculated Leachman's remaining sentence in Cause No. 786223 under state law cannot be reviewed in this § 2254 proceeding. In addition, whether *Nickerson,* which was based on state law, supports the Respondent's position, also cannot be reviewed in this § 2254 proceeding. That is because *Nickerson* was based on the Texas Court of Criminal Appeals' consideration and analysis of what was meant by "ceased to operate" in Article 42.08(a) of the Texas Code of Criminal Procedure, and the Texas Court of Criminal Appeals'

holding that where there is a cumulation order, "the sentence in the second or subsequent conviction should begin to operate *when the reversal in the preceding conviction is final.*" *Nickerson*, 893 S.W.2d at 548 (emphasis added).   While Leachman argues that Respondent's application of *Nickerson* is in conflict with other cases from the Texas Court of Criminal Appeals, including *Gentry v. State*, 464 S.W.2d 848 (Tex. Crim. App. 1971), and *Ex parte Waggoner*, 61 S.W.3d 429 (Tex. Crim. App. 2001), such a conflict, even if one were found to exist, does not, standing alone, raise a federal constitutional claim.

As for the federal constitutional claims – due process and ex post facto – that were made more clear in Leachman's second state application for writ of habeas corpus, nothing in the record, or in any briefing supports the conclusion that Leachman's federal due process and/or ex post facto rights were violated by virtue of Respondent's calculation of his sentence in Cause No. 786223. Sentence calculation claims are generally viewed as state law claims. *Tolbert*, 2008 WL 281534, at *3.   In addition, nowhere has the situated faced by Leachman been addressed by the Supreme Court as a matter of federal due process and/or as giving rise to an ex post facto violation claim. Therefore, the Texas Court of Criminal Appeals' rejection of those claims, even in the absence of a written decision or in the absence of any reasoning, cannot be said to be either contrary to clearly established federal law as determined by the United States Supreme Court, or based upon an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

Respondent argues that it is here, where there is no clear authority that would support a due process or ex post facto violation claim, that the rule announced in *Teague* acts to foreclose any relief for Leachman on his due process and ex post facto violation claims.   In *Teague*, the Supreme Court

11

made it clear that new constitutional rules of criminal procedure are applicable to cases on direct

review, but are generally not applicable to cases on collateral review, such as this. *Teague v. Lane*,

489 U.S. 288, 305-310 (1989). There are two exceptions to that general rule: "1) where the new rule

"places 'certain kinds of primary, private individual conduct beyond the power of the criminal

lawmaking authority to proscribe'" *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401

U.S. 667, 692 (1971)), and 2) where the new rule is a watershed rule of criminal procedure which

is implicit in the concept of ordered liberty and which affects "the fundamental fairness and accuracy

of the criminal proceeding." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (quoting *Graham v.*

*Collins*, 506 U.S. 461, 478 (1993)). While Respondent argues that under *Teague* this Court is not

in a position to extend any due process or ex post facto authority to the facts and circumstances in

this case, the historical *Teague* analysis[4] is not needed in this case because § 2254(d) essentially

codified and supplanted *Teague*. *See Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) ("The

AEDPA effectively codified *Teague* such that federal *habeas* courts must deny relief that is

contingent upon a rule of law not clearly established at the time the state conviction becomes final.").

That means that a separate *Teague* analysis need not be undertaken and the absence of clearly

established federal law, as determined by the Supreme Court of the United States, defeats

Leachman's due process and ex post facto claims under § 2254(d).

---

[4]A three step process is employed to determine whether a new constitutional rule of criminal procedure is to be applied retrospectively under *Teague*. *O'Dell*, 521 U.S. at 156; *Beard v. Banks*, 542 U.S. 406, 411 (2004). First, the court determines when the petitioner's conviction became final. *Beard*, 542 U.S. at 411. If the petitioner's conviction became final prior to the decision the petitioner seeks the benefit of, the court must next determine whether the decision relied upon by the petitioner sets forth a "new" constitutional rule of criminal procedure. *Id.* If the rule to be applied is "new", the court then considers whether one of the two narrow *Teague* exceptions, set forth above, applies. *Id.*

As for the "due process" language used by the Texas Court of Criminal Appeals in *Gentry v. State*, 464 S.W.2d 848 (Tex. Crim. App. 1971) and *Ex parte Waggoner*, 61 S.W.3d 429 (Tex. Crim. App. 2001), neither decision cites to or relies on any *applicable* authority from the United States Supreme Court that would give rise to a federal due process claim in this case. In *Gentry*, the Texas Court of Criminal Appeals addressed the calculation of a sentence that was ordered to run consecutive to a sentence on a conviction that was later vacated. There were three convictions in *Gentry*: one in 1962 for rape, for which the defendant was sentenced to five years confinement; one in 1963 for possession of marijuana, for which the defendant was sentenced to fifteen years confinement; and one in 1963 for robbery by assault, for which the defendant was sentenced to ten years imprisonment, with that term of imprisonment to run consecutive to the fifteen year sentence on the marijuana conviction. In 1970, Gentry's marijuana conviction was vacated, and Gentry's sentence on the robbery conviction was vacated. Gentry was not retried on the marijuana offense, but was re-sentenced on the robbery offense to ten years confinement, and that ten year sentence on the robbery conviction was ordered to run consecutive to the sentence on the rape conviction. Finding that the Gentry was entitled to credit on the ten year sentence from the time of its imposition in 1963, and not from the expiration of the sentence on the rape conviction, the Texas Court of Criminal Appeals wrote:

> We hold that because [Gentry's] conviction for possession of marihuana was held invalid, the later consecutive sentence based on the robbery conviction ran independently, that is, from the date of its imposition (October 14, 1963).

> The trial court may not now attempt to increase the punishment assessed by attempting, at the time of resentencing with counsel, to cause the sentence to begin to run at a later date, that is, the date that the rape conviction expired or was fully satisfied. To do so would be a clear violation of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 656, and the [F]ifth Amendment to the United States

Constitution.

*Gentry*, 464 S.W.2d at 850. Following *Gentry*, the Texas Court of Criminal Appeals decided *Ex parte Waggoner*, 61 S.W.3d 429 (2001). In *Waggoner*, the defendant was charged in 1991 with the offense of theft, which was committed the year before when he was not yet seventeen years of age. He pled guilty to that offense in May 1991, and was placed on deferred adjudication community supervision; in December, 1991, he was found guilty of the separate offense of forgery. The state trial court, on December 20, 1991, after having granted the State's motion to adjudicate Waggoner's guilt in the prior theft case, sentenced Waggoner to ten years incarceration on the theft offense, with the ten year sentence on the forgery conviction to run consecutive to the ten year sentence on the theft offense. In a subsequently filed state application for writ of habeas corpus, Waggoner challenged the validity of the theft conviction, arguing that because the offense was committed before he was eighteen the trial court did not have, and did not obtain, jurisdiction over the offense from the juvenile court. Agreeing with that argument and finding that the state district court "never acquired jurisdiction over [Waggoner]," the Texas Court of Criminal Appeals set aside Waggoner's conviction on the theft offense and concluded that the ten year sentence on that offense was "void." The Texas Court of Criminal Appeals then addressed "the effect of the invalidation of [Waggoner's] first sentence (for theft) upon his second sentence (for forgery)," and, relying upon *Gentry*, wrote as follows:

> In *Gentry v. State*, 464 S.W.2d 848, 850 (Tex. Crim. App. 1971), we held that where the defendant's first sentence was invalid, "the later consecutive sentence . . . ran independently, that is, from the date of [the second sentence's] imposition. The approach adopted in Gentry is logical. "'To hold otherwise would abuse due process, shock the judicial conscience and effect the imposition of a cruel and unusual punishment under the 8th Amendment." *Id.*, quoting *Goodwin v. Page*, 418 F.2d 867, 868 (10th Cir. 1969).

14

> The conviction [for theft] is set aside for want of jurisdiction.  Furthermore, since [Waggoner's] first ten year sentence is void, his second ten-year sentence [on the forgery conviction] began at the date of its original imposition, December 20, 1991.

*Waggoner*, 61 S.W.3d at 432.

The Texas Court of Criminal Appeals' due process references in *Gentry* or *Waggoner* do not provide the type of "clearly established federal law, as determined by the Supreme Court of the United States," that is needed to overcome the standard of review in § 2254(d)(1).  First, the Supreme Court case cited by the Texas Court of Criminal Appeals in *Gentry – North Carolina v. Pearce –* does not apply to the facts here.  *Pearce* dealt with whether a defendant could be assessed a harsher sentence upon re-trial, and whether a defendant was entitled to credit for time served prior to being re-tried and re-convicted.  Second, *North Carolina v. Pearce* was effectively overruled by *Alabama v. Smith*, 490 U.S. 794 (1989).  Finally, the facts at issue in *Gentry* and *Waggoner* are not comparable to the facts at issue herein.  In *Gentry*, the conviction upon which the subsequent sentence was "stacked" was set aside and then dismissed.  In *Waggoner*, the conviction upon which the subsequent sentence was "stacked" was held to be void for lack of jurisdiction.  Here, the conviction upon which Leachman's sentence in Cause No. 786223 was stacked – Cause No. 786224 has been set aside, but *has not been dismissed, has not been held to be void*, and *is still pending*. Therefore, the Texas Court of Criminal Appeals' decisions in *Gentry* and *Waggoner* do not support Leachman's due process and ex post facto claim.  That leaves no case law support for Leachman's due process and ex post facto claims, and the consequent determination, under § 2254(d)(1), that the Texas Court of Criminal Appeals' rejection of those claims in connection with Leachman's state application(s) for writ of habeas corpus did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States." Under that applicable standard of review, no relief is available to Leachman on his due process and ex post facto claims (claim one and claim two).

## IV.   Discussion – Guilty Plea Claims (claims three and four)

In two claims (claim three and claim four), Leachman maintains that the State breached the plea agreement entered in Cause No. 786223 and/or that the guilty plea he entered in Cause No. 786223 was not knowing and voluntary. Both claims relate to the manner in which his sentence in Cause No. 786223 is being calculated following the setting aside of his conviction in Cause No. 786224. Leachman states that it was understood that his sentence in Cause No. 786223 would take the place of his sentence in Cause No. 786224 if that conviction were overturned or set aside. Leachman alleges in this regard in this § 2254 proceeding, as he did in his state application for writ of habeas corpus, as follows:

> Ultimately, we reached a bargain that incorporated all of the following understandings and provisions:
>
> 1)   The States abandoned the paragraph elevating this case from indecency to aggravated sexual assault;
>
> 2)   I pled guilty in this case and two other indecency cases (#720366 and #786226) then pending;
>
> 3)   The State dropped one non-aggravated sexual assault case entirely, rather than re-charging it as indecency;
>
> 4)   The State agreed to refrain from prosecuting any other crimes related to my sexual misconduct in Harris County;
>
> 5)   The State agreed to allow me to make a statement taking responsibility for such misconduct, in accordance with Penal Code section 12.45;

6)   We agreed that nothing in our bargain would affect the ongoing challenge to #786224;

7)   The State reserved its right to seek a new cumulation order in #786224 in the event of a retrial.

The only thing that made the plea possible, from my perspective, was the assurance that when #786224 went away– an inevitability, in my mind– the cumulation order in this case would no longer matter, and this case would become independent.  No benefit would have induced me to plead guilty without that assurance.  From my point of view, I had a rock-solid basis for overturning not only #786224 but also the cases in which I was pleading guilty.  I would never have agreed to abandon my appellate rights without the assurances on cumulation orders.

§ 2254 Application (Document No. 1) at 29-30.

The Texas Court of Criminal Appeals rejected both of Leachman's guilty plea claims when it denied his second application for writ of habeas corpus without written order.  A careful review of the record reveals that the Texas Court of Criminal Appeals' adjudication of Leachman's guilty plea claims did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), and did not "result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

"[G]uilty pleas are valid if both 'voluntary' and 'intelligent,'" *Brady v. United States*, 397 U.S. 742, 747 (1970), meaning that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 30 (1970).  A guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable

17

promises), or perhaps by promises that are by their nature improper as having no proper relationship

to the prosecutor's business (e.g. bribes)." *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*,

246 F.2d 571, 572 n.2 (5th Cir. 1957)).  A guilty plea is considered to have been "intelligently" made

if the defendant is "advised by competent counsel", "made aware of the nature of the charge against

him", and is competent and in control of his mental faculties at the time the plea is entered.  *Id.* at

756.[5]

When a guilty plea is based on "on a promise or agreement of the prosecutor, so that it can

be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*

*v. New York*, 404 U.S. 257, 262 (1971).  But, a petitioner who relies on an unfulfilled state promise

to obtain habeas relief "may not rely on conclusory allegations or even his own unsupported

testimony." *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir. 1986). Instead, to warrant relief on a

claim of a breached plea agreement, a petitioner must prove "(1) exactly what the terms of the

---

[5] In *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000), the Fifth Circuit integrated, from Supreme Court precedent, the "voluntary" and "intelligent" requirements, as follows:

> Although the Court's opinions have often used both "voluntary" and "intelligent" to describe various characteristics of constitutionally valid guilty pleas, several conditions appear necessary.  The defendant pleading guilty must be competent, and must have notice of the nature of the charges against him.  The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.  The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving.  Finally, the defendant must have available the advice of competent counsel.  The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made.

(citations omitted).

alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise." *Hayes v. Maggio*, 699 F.2d 198, 203 (5th Cir. 1983).

The record from the state habeas proceeding shows that Leachman's guilty plea claims were supported by his own allegations, which he declared to be true, and the affidavit of his trial counsel in Cause No. 786223.    The record support does not, however, establish a "meeting of the minds" between the prosecutor and Leachman that Leachman's guilty plea in Cause No. 786223 and the associated 20 year sentence would run from the date it was imposed if Leachman's conviction in Cause No. 786224 were set aside.   Leachman's trial counsel, R.P. Cornelius, speaks to what he *believed* would happen if the conviction in Cause No. 786224 were set aside, but he did not state that any such agreement was reached with the prosecutor, or that Leachman's guilty plea in Cause No. 786223 included, or was premised on, a mutual understanding between the Leachman and his counsel on the one side, and the prosecutor on the other, that Leachman's sentence in Cause No. 786223 would run from the date the sentence was imposed in Cause No. 786223 if Leachman's conviction in Cause No. 786224 were set aside.   All Cornelius states in his affidavit is as follows:

> . . . . At the time I represented Mr. Leachman he had already been convicted in cause number 786224 and had received a sentence of 40 years, which was on appeal. Mr. Leachman was representing himself on appeal and was certain his case would be reversed on appeal. We entered into a plea bargain where he would plead guilty to cause number 786223, for 20 years, and his sentence would be stacked on cause number 786224. He also agreed to plead guilty to two other cases and receive two other 20 year sentences not stacked on any case. It was further understood that his pleading guilty to the three new cases would not have any effect on his appeal of cause number 786224. Later, after my representation ended, Mr. Leachman was successful in getting cause number 786224 reversed and it is pending today. I do not necessarily remember these exact details but have verified that they are true.

The question I am being asked to address is this: Did I tell Mr. Leachman, before he agreed to this plea bargain, that if his conviction in cause number 786224 was reversed would he then get credit for the time he had served on cause number 786223.

To be perfectly honest I really do not remember, but after much consideration, if he was to ask me that question today my answer would be yes. I would have told him then and I would tell him now if cause number 786224 is reversed, there would be no sentence to stack 786223 on and he would be given credit for all the time he had served on cause number 786223. It is unconscionable to me that through no fault of his own he did not receive a fair trial in cause number 786224, resulting in it being reversed and leaving no conviction for cause number 786223 to be stacked on, and that he would be denied credit for time he has served. The State of Texas made a calculated decision in entering into the plea bargain that his appeal would be affirmed but they were wrong. I am certain there was absolutely no provision in this plea bargain for the sentence to dangle in mid-air until such time as the State retries Mr. Leachman, if they ever do, and obtains a new 40 [year] sentence, if they ever can.

*Ex Parte Leachman*, Application No. WR-36,445-11 (Document No. 39-6 at 24-25). Neither

Cornelius' affidavit nor Leachman's allegations (declared to be true) suffice to show that the State

*breached* the plea agreement relative to Cause No. 786223.

As is clear from the record, the calculation of Leachman's sentence in Cause No. 786223 as

running from the date Leachman's conviction in Cause No. 786244 "ceased to operate" under Article

42.08 of the Texas Code of Criminal Procedure[6] was based on Respondent's reliance on *Nickerson*.

---

[6] Article 42.08(a) of the Texas Code of Criminal Procedure provides in pertinent part:

When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Subsections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly . . .

*Nickerson* was decided in 1995 – *before* Leachman was convicted in Cause No. 786224, and *before* Leachman pled guilty in Cause No. 786223.   Whether Leachman or his counsel was aware of *Nickerson* at the time Leachman pled guilty cannot be ascertained from the record.   What can be gleaned from the record, however, is that nowhere is there evidence that Leachman, on the one side, and the prosecutor, on the other, *agreed* that Leachman's sentence in Cause No. 786223 would run from the date it was imposed regardless of the holding in *Nickerson* as to when a conviction ceases "to operate."   In the absence of evidence about existence of an agreement, which would contravene the Texas Court of Criminal Appeals' decision in *Nickerson*, Leachman did not show in the state habeas proceeding that the State breached the plea agreement in Cause No. 786223.   The Texas Court of Criminal Appeals' rejection of Leachman's third claim – that the State breached the plea agreement – is therefore not contrary to, or based on an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, and is also not based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding.

That leaves Leachman's claim (claim four) that his guilty plea in Cause No. 786223 was not knowing and voluntary because what he has received – in terms of how his sentence in Cause No. 786223 is now being calculated – is not what he or his trial counsel believed he would receive at the time he entered his guilty plea in Cause Number 786223.   This claim also fails under § 2254(d) review.

As set forth above, for a guilty plea to be knowing and voluntary it must be made "'by one fully aware of the *direct* consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to

discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Brady*, 397 U.S. at 755 (emphasis added). As long as a defendant understands the length of the sentence he faces upon entering a plea of guilty he is generally found to have understood the direct consequences of his plea. *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993). While the Supreme Court has not defined which consequences of a guilty plea are direct and which are collateral, *see Rosenbusch v. Davis*, Civil Action No. SA-18-CA-00371-FB, 2018 WL 4705566 *4 (W.D. Tex. Sept. 30, 2018) ("there is no Supreme Court opinion holding that the cumulation of sentences is a direct consequence of a guilty plea and must be communicated to a criminal defendant for the plea to be considered knowing and voluntary), nowhere is there any Supreme Court precedent that requires a defendant to have either knowledge about the possibility of consecutive sentences, or knowledge about the manner in which consecutive sentences are to be calculated in order for a guilty plea to be knowing and voluntary. In the absence of any Supreme Court authority that considers such knowledge about cumulative sentences to be an essential component of a knowing and voluntary guilty plea, the Texas Court of Criminal Appeals' rejection of Leachman's unknowing and involuntary guilty plea claim fails under § 2254(d)(1). *See e.g. Rosenbusch*, 2018 WL 4705566 at *5 (rejecting claim, under § 2254(d) review, by noting that there "is no Supreme Court opinion holding that the cumulation of sentences is a direct consequence of a guilty plea that must be communicated to a criminal defendant for the plea to be considered knowing and voluntary").

In addition, the record affirmatively shows that Leachman was advised about the length of the sentence he faced in Cause No. 786223 and affirmatively acknowledged understanding that direct

22

consequence of his guilty plea.  The record contains Leachman's "Waiver of Constitutional Rights, Agreement to Stipulation, and Judicial Confession" in Cause No. 786223, in which Leachman, by his signature and the signature of his attorney, agreed and stated as follows:

> I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 20 years Texas Department of Criminal Justice, Institutional Division.  I further agree that the sentence in cause number 786223 will run consecutively (stacked on) the sentence in cause number 78224 and I agree to that recommendation.

*Ex Parte Leachman*, Application No. WR-36,445-11 at 141 (Document No. 39-6 at 33).  In that same document, Leachman's counsel represented as follows:

> . . . I believe that this document was executed by [the defendant] knowingly and voluntarily after I fully discussed it and its consequences with him.  I believe that he is competent to stand trial.  I agree to the prosecutor's recommendation as to punishment. . .

*Id.*  Similarly, the state trial court, by the judge's signature on the document, stated as follows:

> This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case.  The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with this attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find the defendant's attorney is competent and has effectively represented the defendant in this case.  I informed the defendant that I would not exceed the agreed recommendation as to punishment.

*Id.*  Also included in the record are written "Plea Admonishments," which Leachman agreed to and individually initialed.  Id. at 142-148 (Document No. 39-6 at 34-40).  This record sufficiently supports the Texas Court of Criminal Appeals' implicit determination that Leachman's guilty plea in Cause No. 786223 was knowingly and voluntarily.  Leachman's complaints about the absence of a transcript of the state court plea proceeding from the state habeas record does not change this

conclusion, particularly given that the guilty plea at issue was entered over two decades ago and Leachman did not appeal. *See e.g., Branch v. Rader*, No. CIV.A. 12-2542, 2013 WL 5410243, at *6 (E.D. La. Sept. 25, 2013), *aff'd*, 596 F. App'x 273 (5th Cir. 2015) (written record supported knowing and voluntary nature of the guilty plea even in the absence of a transcript of the plea proceeding). Nor do any alleged infirmities in the state habeas proceeding provide any basis for relief herein. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) ("'infirmities in state habeas proceedings do not constitute grounds for relief in federal court,'), *cert. denied*, 534 U.S. 1001 (2001).

In all, the record shows that Leachman entered a knowing and voluntary guilty plea in Cause No. 786223. Any incorrect assessment or understanding either he or his counsel had about how his sentence in Cause No. 786223 would be calculated in the event the conviction in Cause No. 786224 was set aside, is a collateral consequence of Leachman's guilty plea, and cannot support a conclusion that Leachman's guilty plea was unknowing or involuntary. The Texas Court of Criminal Appeals' rejection of Leachman's fourth claim – that his guilty plea was not knowing and voluntary – is therefore not contrary to or based on an unreasonable application of clearly established Federal law as determined by the United States Supreme Court, nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding, and no relief is therefore available to Leachman on the merits of his guilty plea claims under § 2254(d).[7] *E.g. Rosenbusch*, 2018 WL at *4-5 (rejecting, upon § 2254(d) review, habeas petitioner's claim that her guilty plea

---

[7] To the extent any briefing by Leachman could be construed as raising a claim of ineffective assistance of counsel relative to the guilty plea entered in Cause No. 786233, such a claim was not asserted by Leachman in his § 2254 application and was not raised by Leachman as a separate claim for relief in either of the state habeas corpus proceedings he filed.

was not knowing and voluntary because she was not "informed that her sentences could be cumulated").

## V.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that the Texas court's adjudication of each of Leachman's claim is not contrary to or based on an unreasonable application of clearly established Federal law, and that the Texas court's adjudication of Leachman's guilty plea claims is additionally not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding(s), the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 42) be GRANTED and that Leachman's federal application for Writ of Habeas Corpus, and the claims alleged therein, be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services*

*Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 11th day of February, 2020.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE