IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES LEACHMAN, | § | |
| Petitioner, | §§§ | |
| V. | §§ | CIVIL ACTION NO. H-18-0544 |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | §§§§§ | |
| Respondent. | §§ | |

## ORDER ADOPTING IN PART RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is Respondent's Motion for Summary Judgment (Document No. 42) and Petitioner's Cross Motion for Summary Judgment (Document No. 51). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Respondent's Motion for Summary Judgment be GRANTED, that Petitioner's Cross Motion for Summary Judgment be DENIED, and that Petitioner's Application for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice. Both Respondent and Petitioner have filed Objections to the Memorandum and Recommendation (Document Nos. 55 & 60). The Court, after having made a *de novo* determination of Respondent's Motion for Summary Judgment, Petitioner's Cross Motion for Summary Judgment, Petitioner's Application for Writ of Habeas Corpus, the Memorandum and Recommendation, and the Objections, is of the opinion that Respondent's Objection should be SUSTAINED, Petitioner's Objections

OVERRULED, and, for the reasons that follow, that the findings and recommendations of the Magistrate Judge be accepted in part.

Respondent objects to that part of the Magistrate Judge's Memorandum and Recommendation that an analysis under Teague v. Lane, 489 U.S. 288 (1989) was not necessary. That objection is SUSTAINED. As pointed out by Respondent, because the Teague issue was raised, it should have been considered. The Magistrate Judge erred in determining that a Teague analysis did not need to be conducted. Having now considered that Teague argument *de novo*, the Court concludes that Petitioner's due process and ex post facto claims are Teague-barred.

New constitutional rules of criminal procedure are applicable to cases on direct review, *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), but are generally not applicable to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 305-310 (1989). That is because, in the context of collateral review, "[a]pplication of constitutional rules not in existence at the time a conviction [becomes] final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." *Teague*, 489 U.S. at 309.

In *Teague*, the Supreme Court set forth two exceptions to the general rule that new constitutional rules of criminal procedure are inapplicable on collateral review: 1) where the new rule

2

"places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe'" *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971)), and 2) where the new rule is a watershed rule of criminal procedure which is implicit in the concept of ordered liberty and which affects "the fundamental fairness and accuracy of the criminal proceeding." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)).

Here, as argued by Respondent in Respondent's Motion for Summary Judgment, and as set forth by the Magistrate Judge in the Memorandum and Recommendation in connection with the § 2254(d) consideration of Petitioner's claims, there is no constitutional rule of criminal procedure that applies to Petitioner's due process and ex post facto claims, much less a "new" rule. Indeed, it would only be through the fashioning of a "new" constitutional rule of criminal procedure by this Court, or a higher one, that Petitioner would be entitled to any relief on his claims in this § 2254 proceeding. As such, Petitioner's due process and ex post facto claims cannot overcome the Teague-bar advanced by Respondent.

As for Petitioner's objections (Document No. 60), they are OVERRULED, and, for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge filed on February 12, 2020, which is adopted with respect to the analysis of Petitioner's claims under 28 U.S.C. § 2244(d), and the foregoing

3

Teague analysis, Respondent's Motion for Summary Judgment (Document No. 42) is GRANTED, Petitioner's Cross Motion for Summary Judgment (Document No. 51) is DENIED, and Petitioner's Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED with prejudice. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was

4

correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, and the additional Teague-based reasons contained herein, the Court determines that Petitioner has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists would not debate the correctness of either the substantive or procedural rulings.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 21st day of March, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

5